Ruffin, C. J.
 

 The directions were certainly right, if the jury believed the foundling to be the child of a free mother. But on the supposition, that her mother was a slave, the directions were clearly wrong, at least, as to the money claimed by the relator ; for, whether the donee
 
 *157
 
 of the money was a slave of the testator, or of Willis, or of another person, she was equally incapable of taking under a bequest, and the $200, therefore, resulted to those entitled to the surplus of the estate. The Court, however, holds, that the whole of that part of the instruction was erroneous, if in fact the child was a slave. For, the possession of Britt, and of the defendant, since Britt’s death, was, undoubtedly, adverse to Willis, to whom the testator refused to deliver the child upon demand. Indeed, the instruction supposes the possession of Britt to “ have been maintained against all other persons in other words, to have been adverse to all the world, who claimed the girl as a slave; and, yet, it was laid down further, that such a possession did not vest the title of the slave in the possession, if he believed her to be free and did not keep the possession with a view to his own benefit. The Court cannot adopt that opinion. For, the possession for more than three years bars the action of the owner under the act of 1715: and then the act of 1820, Rev. Stat. ch. 65, sec. 18, is, that the person, so in possession, and those claiming under him, shall be, deemed to have a good and absolute title to the slave, as against all persons so barred by the statute of limitations. — ■ When the owner is thus barred and loses his action and title, the negro must necessarily belong to the possessor; the
 
 status
 
 of the slave is not changed, but continues, and as a slave must belong to some one, and as no one can recover from the possessor, such slave must be deemed in law, the absolute property of the possessor. So the rule was laid down in the case of
 
 White
 
 v.
 
 White,
 
 1 Dev. and Bat. 260, and it governs the present case.
 

 Per Curiam. Judgment reversed and
 
 venire de
 
 novo*